Amy L. B. Ginsburg (SBN 275805)
GINSBURG LAW GROUP, P.C.
1012 N. Bethlehem Pike, Suite 103, Box #9
Ambler, PA 19002
Telephone: (855) 978-6564
Facsimile: (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

*OF COUNSEL*
THOMASSON PLLC
402 West Broadway #950
San Diego, CA 92101
Telephone:  (973) 312-0774
Facsimile: (973) 559-5579
Email: amy@thomassonpllc.com

Attorney for Plaintiff,
RADLEY J. BRADFORD

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RADLEY J. BRADFORD,** individually and on behalf of all others similarly situated, <br><br>Plaintiff,<br><br>v.<br><br>MONEVO, INC.,<br><br>Defendant. | Case No.  **'22CV259 JO   JLB**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages and other relief brought by Radley J. Bradford ("Bradford"), individually and on behalf of all others similarly situated, pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

2. The FCRA restricts access to consumer reports except for specific, statutorily enumerated purposes under 15 U.S.C § 1681.

3. Defendant, Monevo, Inc. ("Monevo"), without notice or permission invaded the privacy of Plaintiff and class members when it accessed their credit reports without permissible purposes.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1337.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6. Plaintiff Bradford is an adult individual residing in Houston, Texas.

7. Defendant Monevo is a Delaware corporation that is located and regularly conducts business in the state of California, and which has its headquarters and a principal place of business located at 8910 University Center Lane, Suite 400, San Diego, California, 92122.

## FACTUAL ALLEGATIONS

8. On November 2, 2021, Bradford obtained a copy of his Transunion credit report.

9. Upon review of his credit report, Bradford noticed that on March 1, 2020, Monevo had obtained a copy of his credit report, misrepresenting it had a "Permissible Purpose/Written Authorization" to pull, receive and review his credit report.

10. Bradford did not have an existing business relationship with Monevo, never applied for a loan through Monevo, and did not authorize Monevo to run his credit report at any time.

11. Prior to obtaining his credit report, Bradford had never heard of Monevo.

12. Bradford immediately contacted Monevo on or about November 12, 2021, and they responded indicating his information had been submitted through their platform on March 1, 2020

13. Monevo was never able to provide a copy of an application or an authorization to obtain Bradford's credit report.

14. The credit report obtained by Monevo would have included a trove of sensitive personal and private information about Plaintiff, such as his birth date, credit history profile, pay histories, employer information and the like.

15. Pursuant to 15 U.S.C. § 1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

16. Monevo never had a permissible purpose to obtain Bradford's consumer report.

17. Monevo obtained Bradford's credit report under false pretenses to the credit bureau because he never provided permission to Monevo.

18. Monevo had actual knowledge that Bradford did not authorize any inquiry into his credit information at any time.

19. As a result of Monevo's willful, wanton, reckless, and/or negligent action, Bradford has been damaged.

20. Upon information and belief, Monevo as a pattern and practice regularly obtains consumer reports on consumers without a permissible purpose.

21. Bradford's privacy has been invaded because of the willful, wanton, reckless, and/or negligent conduct of Monevo.

22. Bradford has suffered mental and emotional distress, worry, and aggravation because of Monevo's actions.

23. Bradford's credit profile and history was adversely affected because of Monevo's actions.

## CLASS ALLEGATIONS

24. Monevo's conduct is consistent with its practice of obtaining consumer reports on consumers without a permissible purpose.

25. Plaintiff is seeking to certify a class pursuant to Fed. R. Civ. Proc. 23(a) and 24(b)(3).

26. ***Class Definition***: The Class consists of: All persons in Texas whose consumer reports were obtained by Defendant without a permissible purpose between February 25, 2020, and February 25, 2022.

27. The identities of the Class members are readily ascertainable from the business records of Monevo.

28. ***Class Claims***. The Class claims include all claims each Class member may have for a violation of the FCRA arising from Monevo obtaining the consumer report of a Class Member without a permissible purpose.

29. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community in the litigation:

    a. ***Numerosity.*** On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

    b. ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Monevo with respect to each Class member.

      c. ***Typicality.*** Plaintiff's claims are typical of the Class members because those claims arise from a common course of conduct engaged in by Monevo.

      d. ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as she has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Based on discovery and further investigation (including, but not limited to, disclosure by Monevo of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class claims, Class definitions, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## COUNT ONE
### VIOLATIONS OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto, Defendant Monevo is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

34. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

36. Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Plaintiff's consumer credit report without a statutorily permissible purpose. 15 U.S.C. § 1681b; §1681n; and §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) Actual and compensatory damages to Plaintiff and the Class;

(c) Punitive damages;

(d) A declaration that the conduct complained of violates the provisions of the FCRA, 15 U.S.C. § 1681b;

(e) An Order requiring return of the confidential consumer reports of Plaintiff and Class Members and destruction of any copies;

(f) Costs and reasonable attorney's fees; and

(g) Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 25, 2022                    Respectfully submitted,

/s/ Amy L. B. Ginsburg
AMY L. B. GINSBURG